IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA LEE THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CLAYTON COUNTY BOARD OF COMMISSIONERS, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:20-CV-4553-MHC-CCB |

## ORDER

This action is before the Court for consideration of a motion to stay certain pretrial deadlines filed by Defendants. (Doc. 24). In the motion, Defendants argue that certain pretrial obligations should be stayed to relieve the parties from the burden of expending potentially unnecessary resources because they have filed a motion to dismiss, which could dispose of this case in its entirety. *Id*. at 1–2. Defendants request that the Court stay the deadlines for the following pretrial obligations: (1) the Rule 26(f) early planning conference, (2) the joint preliminary report and discovery plan, (3) the initial disclosures, and (4) the commencement of the discovery period. *Id*. at 2. The time to respond to Defendants' motion to stay

has passed, and Plaintiff has not filed a response, which indicates that she does not oppose the motion. *See* LR 7.1(B), NDGa.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (holding that the district court did not abuse its "broad discretion" when it stayed discovery pending the resolution of motions to dismiss). The Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). Because such a challenge "always presents a purely legal question . . . neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368.

Here the Court finds that Defendants have demonstrated good cause for the requested stay because their pending motion to dismiss seeks dismissal of Plaintiff's amended complaint in its entirety. *See Chudasama*, 123 F.3d at 1367. Moreover, as noted above, Plaintiff has not filed any opposition to the motion.

The motion to stay, (Doc. 24), is **GRANTED IN PART AND DENIED IN PART**. It is appropriate to stay the first three requested obligations because Defendants' motion to dismiss could dispose of this case entirely. However, the Court declines to stay the commencement of discovery because it has not yet begun and will not begin until the appearance of the first defendant by answer, unless the parties mutually consent to begin earlier. *See* LR 26.2(A), NDGa. Accordingly, the parties' obligations to conduct a Rule 26(f) conference, file a joint preliminary report and discovery plan, and exchange initial disclosures are **STAYED** pending the Court's final ruling on Defendants' motion to dismiss, (Doc. 17).

**IT IS SO ORDERED,** this 30th day of August, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

3